IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUAN R. TORRES, | Civil No. 3:22-cv-1701 |
| Petitioner | (Judge Mariani) |
| v. | |
| STEPHEN SPAULDING, WARDEN, | |
| Respondent | |

## MEMORANDUM

Petitioner Juan Torres ("Torres"), an inmate currently incarcerated at the Federal Prison Camp in Lewisburg, Pennsylvania ("FPC-Lewisburg"), initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Torres seeks an Order directing the Bureau of Prisons ("BOP") to award him earned time credits ("ETC") pursuant to the First Step Act ("FSA") and to reduce his sentence to time served. (*Id.* at p. 4). For the reasons set forth below, the Court will dismiss the habeas petition.

I.  **Background**

Torres is serving a 37-month term of imprisonment imposed by the United States District Court for the District of New Jersey for conspiracy to distribute a controlled substance. (Doc. 6-1, p. 1 ¶ 3; Doc. 6-1, pp. 3-5). Torres' projected release date is December 17, 2024, via good conduct time release. (*Id.*).

The Administrative Remedy Generalized Retrieval reveals that Torres filed two (2) administrative remedies while in BOP custody. (Doc. 6-1, pp. 6-7). Neither of the administrative remedies pertain to time credits under the First Step Act. (*Id.*). On June 9, 2022, Torres filed administrative remedy number 1122975-F1 requesting home confinement under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act. (*Id.* at p. 7). On June 17, 2022, the administrative remedy was denied. (*Id.*). On July 8, 2022, Torres filed administrative remedy number 1122975-R1 requesting home confinement under the CARES Act. (*Id.*). On July 28, 2022, the administrative remedy was rejected. (*Id.*).

In his § 2241 petition, Torres asserts that he is entitled to the application of earned time credits. (Doc. 1). Torres states that, at the time of his sentencing, he was entitled to earned time credits under the FSA, good conduct time credits, and placement in a Residential Reentry Center, if he maintained clear conduct and completed required programming. (*Id.* at p. 1). As part of his sentence, the sentencing judge recommended that Torres participate in a BOP drug abuse program. (*Id.*). Upon arrival at USP-Lewisburg-Camp, Torres alleges that he applied for the residential drug abuse program, but when he learned of the two alternative programs, non-residential and drug education, he enrolled in the non-residential drug program. (*Id.* at pp. 1-2). Because Torres chose to participate in the non-residential program, he was given the status of "DAP DECL", which means that he declined to participate in the residential drug abuse program. (*Id.* at p. 2).

Due to on the "DAP DECL" status, Torres claims that he is earning FSA time credits, but the credits are not being applied to reduce his sentence. (*Id.*).

In response to the habeas petition, Respondent contends that Torres' § 2241 petition must be dismissed because he failed to exhaust his administrative remedies before filing this action in federal court. (Doc. 6). The petition is ripe for resolution.

## II. Discussion

Although there is no explicit statutory exhaustion requirement for § 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986)); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citations omitted). The Bureau of Prisons has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. *See generally* 28 C.F.R. §§ 542.10-.19. That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the Regional Director, and—ultimately—final appeal to the General Counsel. *See id.* §§ 542.13-.15. No administrative remedy appeal is considered fully exhausted until reviewed by the General Counsel. *Id.* § 542.15(a).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review. See *Moscato*, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. See *Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. *Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982).

The BOP maintains a database known as the SENTRY Inmate Management System ("SENTRY"). In the ordinary course of business, computerized indexes of all formal administrative remedies filed by inmates are maintained by the Institution, Regional, and Central Offices. SENTRY generates a report titled "Administrative Remedy Generalized Retrieval" which allows codes to be entered to identify the reason or reasons for rejecting a request for administrative relief.

Torres' Administrative Remedy Generalized Retrieval report reveals that he failed to properly exhaust the claims in the instant habeas petition. (Doc. 6-1, pp. 6-7). The record reflects that Torres filed two (2) administrative remedies and neither of the administrative remedies relate to time credits under the First Step Act. (*Id.*).

Torres concedes that he did not exhaust administrative remedies with regard to his FSA earned time credits. (Doc. 1, p. 2). He argues that the administrative remedy process was effectively unavailable because prison officials deny requests for BP-9 forms "when an

4

inmate wants to [ ] challenge the BOP's application of FSA." (*Id.*). The record indicates otherwise. Nothing in the record before the Court establishes that BP-9 forms were withheld from Torres. According to the Administrative Remedy Generalized Retrieval, Torres filed two administrative remedies requesting home confinement under the CARES Act, but unequivocally failed to file any administrative remedies regarding earned time credits under the FSA. Torres' claim that BP-9 forms were unavailable to him is belied by the fact that he properly filed administrative remedies concerning the CARES Act. Torres has not established that he should be excused from exhausting administrative remedies with respect to his present claims. While the Court recognizes that administrative exhaustion is not required if "the issue presented only pertains to statutory construction," *Kurti v. White*, No. 1:19-cv-2109, 2020 WL 2063871, at *3 (M.D. Pa. Apr. 29, 2020), the instant case involves a dispute regarding Torres' eligibility for earned time credits and the specific number of ETCs earned by Torres. The latter issue is unrelated to statutory construction and, therefore, the exhaustion requirement cannot be excused. Torres' claim is the type of FSA earned-time-credit dispute that must first be presented to BOP officials. Moreover, even if Torres thought pursuit of his administrative remedies would be futile, "[c]ourts in the Middle District of Pennsylvania have consistently held that 'exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeals.'" *Ross v. Martinez*, No. 4:09-cv-1770, 2009

WL 4573686, at *3 (M.D. Pa. Dec. 1, 2009) (quoting *Malvestuto v. Martinez*, No. 1:09-cv-1339, 2009 WL 2876883, at *3 (M.D. Pa. Sept. 1, 2009)).

Because Torres did not exhaust his administrative remedies, and no exception applies, his § 2241 petition must be dismissed. *See Moscato*, 98 F.3d at 762. To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing Torres to invoke the judicial process despite failing to complete administrative review.

### III. Conclusion

Based on the foregoing, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be dismissed. (Doc. 1). A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: December 6, 2022